2019V00415/PWG/ml
CRAIG CARPENITO
UNITED STATES ATTORNEY
BY:  PETER W. GAETA
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL:  (973) 645-2927
FAX: (973) 297-2042
Peter.Gaeta@usdoj.gov

## UNITED STATE DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Hon.** |
| **Plaintiff,** | : | **Civil Action No. 19-** |
| **v.** | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **$40,880.00 IN UNITED STATES CURRENCY,** | : | |
| | : | |
| **Defendant *in rem*.** | | |

Plaintiff, United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey (by Peter W. Gaeta, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1.      This is an action to forfeit to the United States of America a total of $40,880.00 in United States currency.  The United States of America brings this action to enforce the provisions of 21 U.S.C. § 881(a)(6), which subjects to

forfeiture all monies that were furnished in exchange  for a controlled substance and all proceeds traceable to such an exchange, in violation of 21 U.S.C. § 801, *et seq.* (narcotics control and enforcement laws).

## THE DEFENDANT *IN REM*

2.      The defendant property consists of a total of $40,880.00 in United States currency, which the United States Drug Enforcement Administration ("DEA") seized from luggage belonging to Jesus Ramirez-Martinez a/k/a Jesus Martinez on or about April 1, 2019 (the "defendant property"), in Terminal C, Gate 72, at Newark Liberty International Airport in Newark, New Jersey.  The defendant property is currently in the custody of the United States.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.      Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the District of New Jersey, and pursuant to 28 U.S.C. § 1395(a), because the defendant property was seized and is located in the District of New Jersey.

5.      Upon the filing of this Verified Complaint for Forfeiture *In Rem*, the Plaintiff requests that the Clerk of the Court issue a Warrant of Arrest *In Rem* pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"), which the plaintiff will execute upon the defendant

property pursuant to 28 U.S.C. § 1355(d) and Rule G(3)(c) of the Supplemental Rules.

## BASIS FOR FORFEITURE

6.    The defendant property is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), because it constitutes money furnished or intended to be furnished in exchange for a controlled substance or represents proceeds traceable to an exchange for a controlled substance in violation of 21 U.S.C. 801, *et. seq.*

## FACTS

7.    On or about April 1, 2019, at approximately 4:00 p.m., agents from the DEA Newark Airport Group/Task Force 3 (hereinafter "DEA agents") were monitoring passengers at Terminal C, Gate 72, of Newark Liberty International Airport located in Newark, New Jersey (hereinafter "Newark Airport"). Based on information provided by a confidential source, the DEA agents observed a male passenger, later identified as Jesus Ramirez-Martinez a/k/a Jesus Martinez (hereinafter "Ramirez-Martinez), boarding a flight to San Francisco, California.

8.    The DEA agents identified themselves to Ramirez-Martinez, who agreed to speak with them.  Ramirez-Martinez was in possession of carry-on luggage at the time that he was approached by the DEA agents.  Ramirez-Martinez provided the DEA agents with his boarding pass and a New York State driver's license.

9.    The DEA agents asked Ramirez-Martinez if he was traveling for business or pleasure. Ramirez-Martinez replied that he was traveling for both

business and pleasure.  Ramirez-Martinez told the DEA agents that he had not reserved a hotel in California, but that he was going to find a hotel after arriving in San Francisco. When asked if he was in possession of any U.S. currency, Ramirez-Martinez stated that he did have U.S. currency, but did not know the amount of currency he possessed.  The DEA agents asked Ramirez-Martinez if he had checked any luggage, and Ramirez-Martinez told them that he had checked luggage.  The DEA agents asked Ramirez-Martinez if they could search both his carry-on luggage and his checked luggage.  Ramirez-Martinez consented to a search of both his carry-on luggage and his checked luggage.

10.    A search of Ramirez-Martinez's luggage revealed a large amount of U.S. currency.  Ramirez-Martinez told the DEA agents that the currency was not his.  He further stated that he was given the currency by an unidentified person in New Paltz, New York, and was told to deliver the currency to San Francisco. Ramirez-Martinez said that he did not know whom he was delivering the U.S. currency to in San Francisco.  Ramirez-Martinez also told the DEA agents that he did not know the source of the currency.  Ramirez-Martinez also told the DEA agents that he did not know to whom the currency belonged.  The DEA agents seized the currency under the suspicion that it constituted proceeds of drug trafficking.  Ramirez-Martinez did not claim ownership of the currency at the time of the seizure.

11.    When asked about his employment, Ramirez-Martinez told the DEA agents that he had been working as a landscaper "off the books" for two months. Ramirez-Martinez also stated that he was a student at the College of the

Redwoods, a two-year community college located Humboldt County, California. Searches of publicly available databases revealed that Ramirez-Martinez is associated with an address in Fortuna, California.   Fortuna is located in Humboldt County, a county well known for its cultivation of cannabis. An internet search revealed what appears to be an abandoned house located at the Fortuna address with which Ramirez-Martinez is associated.

12.   Travel records obtained from United Airlines revealed that in the months prior to April 1, 2019, Ramirez-Martinez had traveled at least once a month back and forth from San Francisco to Newark, with each trip lasting no more than two days.

13.   Narcotics traffickers and drug money couriers commonly transport large amounts of currency from Newark Airport to San Francisco, either on their person or in their carry-on or checked luggage.   In recent years, U.S. Drug Enforcement Administration ("DEA") task forces assigned to Newark Airport have made numerous seizures of narcotics-related currency from individuals flying from Newark Airport to San Francisco, California.

14.   Law Enforcement at Newark Airport deployed a certified narcotics detection canine, "Nico," to inspect the currency found in Ramirez-Martinez's luggage.   Nico signaled, through a distinctive set of behaviors, that he detected a controlled substance on the defendant currency.   Among other things, Nico is trained to distinguish between uncirculated currency and currency that was recently commingled with one of the four controlled substances Nico is trained to detect (methamphetamine, cocaine, heroin, and ecstasy).

15.    At the time of the April 2019 Newark Airport stop, Nico had most recently been certified in narcotics detection in or about January 2019 by the State of New Jersey and by the Hudson County Sherriff's Office.  Nico has been re-tested and re-certified biannually, as required by the State of New Jersey.  Furthermore, Nico is re-tested and re-certified quarterly, as required by the Hudson County Sherriff's Office.  Nico and his handler also complete a required amount of training exercises each month to maintain their skills.

16.    It was subsequently determined that the U.S. currency seized from Ramirez-Martinez's luggage totaled $40,880.00.   The currency was in the following denominations: 4 $5.00 bills; 109 $10.00 bills; 1,871 $20.00 bills; 27 $50.00 bills; and 10 $100.00 bills.  The large number of $20 bills is consistent with low-denomination currency used in narcotics trafficking.

17.    The DEA initiated administrative forfeiture proceedings against the defendant property.   On or about June 4, 2019, Jesus Ramirez-Martinez, through counsel, filed an administrative claim with the DEA contesting the forfeiture of the defendant property.  The claim consisted of a "Certification" signed by Ramirez-Martinez under penalty of perjury.  In his claim, Ramirez-Martinez stated that he was the owner of the defendant property, which he had previously denied belonged to him.

## CLAIM FOR FORFEITURE

18.    The allegations contained in paragraphs 1 through 17 of this Verified Complaint for Forfeiture *In Rem* are realleged and incorporated herein as if set forth in full.

19.    Based on the facts set forth above, there is probable cause to believe that the defendant property was furnished or was intended to be furnished in exchange for a controlled substance or represents proceeds traceable to such an exchange or was used or intended to be used to facilitate any violation of Title II of the Controlled Substance Act, 21 U.S.C. § 801, *et seq.*, and is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

**WHEREFORE**, plaintiff requests that the Clerk of the Court issue a warrant for the arrest in rem and seizure of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants in the defendant property; that the defendant property be forfeited and condemned to the United States of America; that plaintiff be awarded its costs and disbursements in this action; and that the Court award such other and further relief as it deems proper and just.

Dated: September 3, 2019

CRAIG CARPENITO
United States Attorney


*s/Peter W. Gaeta*
By:  PETER W. GAETA
Assistant United States Attorney

**VERIFICATION**

| | |
|---|---|
| STATE OF NEW JERSEY | ) |
| COUNTY OF ESSEX | : ss.: |
| DISTRICT OF NEW JERSEY | ) |

Rafael Collazo, being duly sworn, deposes and says that he is a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws; that he has been deputized as a Special Federal Officer by the Drug Enforcement Administration, and as such has responsibility for this action; that he has read the foregoing Verified Complaint; and that the statements contained therein are true to the best of his knowledge, information, and belief.

The sources of deponent's information and the ground of his belief include official records and files of the United States, information obtained directly by the deponent, and information obtained by other law enforcement officials and representatives during an investigation of alleged violations of Title 21, United States Code.

_____
Rafael Collazo
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me
this 3rd day of September, 2019
at Newark, New Jersey

_____
Jaclyn Wyrwas
Attorney-at-Law of the State of New Jersey

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter W. Gaeta, Assistant U.S. Attorney
United States Attorney's Office, 970 Broad St., Suite 700
Newark, New Jersey 07102    Tel.: (973) 645-2927

## DEFENDANTS

$40,880.00 in United States Currency

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question *(U.S. Government Not a Party)*
[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

(Checkbox list of suit types; [X] 625 Drug Related Seizure of Property 21 USC 881)

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881
Brief description of cause:
Forfeiture of property related to controlled substances offenses

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
JUDGE          DOCKET NUMBER

DATE 09/03/2019          SIGNATURE OF ATTORNEY OF RECORD /s/ Peter W. Gaeta

FOR OFFICE USE ONLY
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

2019V00415/PWG/ML
CRAIG CARPENITO
UNITED STATES ATTORNEY
BY:  PETER W. GAETA
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL:  (973) 645-2927
FAX: (973) 297-2042
PETER.GAETA@USDOJ.GOV

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Hon.** |
| **Plaintiff,** | : | **Civil Action No. 19-** |
| **v.** | : | |
| **$40,880.00 IN UNITED STATES CURRENCY,** | : | **WARRANT FOR ARREST** *IN REM* |
| | : | |
| **Defendant** *in rem.* | : | |

### TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF JUSTICE, THE FEDERAL BUREAU OF INVESTIGATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on September 3, 2019 in the United States District Court for the District of New Jersey, alleging that the defendant property, namely $40,880.00 in United States Currency, is subject to seizure and forfeiture to the United States for the reasons set forth in the Complaint;

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States;

WHEREAS, in these circumstances, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be an agent with the United States Department of Justice or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____          _____
                                 Clerk of the Court

                        By:      _____
                                 Deputy Clerk

-2-